# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN HOENING, | Civil No. 01-2057 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Daniel S. Rethmeier, **RETHMEIER LAW OFFICE, PLLC**, 26 North Sixth Avenue, Suite #200, P.O. Box 754, St. Cloud, MN 56302-0754, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Susan Hoening brings this action against the Commissioner of Social Security seeking judicial review of the denial of her application for disability insurance benefits. In a Report and Recommendation dated July 6, 2006, United States Magistrate Judge Franklin L. Noel recommended that the Court deny plaintiff's motion for summary judgment, deny defendant's motion for summary judgment, and remand the case to the Commissioner of Social Security for further proceedings.

This matter is before the Court on defendant's objections to the Report and Recommendation. The Court has conducted a *de novo* review of defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth

below, the Court adopts the Report and Recommendation of the Magistrate Judge and remands the application to the Commissioner of Social Security for further proceedings.

## BACKGROUND

Susan Hoening was born on February 6, 1952, and was 47 at the time of her application for benefits. She has a high school education, with additional training as a nurse's aid. She worked previously as a nurse's aid but has not worked since 1983. Plaintiff filed an application for disability benefits November 29, 1999, asserting that she is completely unable to work because of rheumatoid arthritis, osteoporosis, low blood sugar, bad eyesight, and allergic reactions.

The Social Security Administration denied Hoening's application initially and on reconsideration. Hoening then requested and received a hearing, which was held before an Administrative Law Judge ("ALJ") on February 12, 2001. The ALJ rendered an unfavorable decision dated April 24, 2001. Hoening initiated this action in federal court seeking review of the decision pursuant to 42 U.S.C. § 405(g). Upon motion by defendant, this Court remanded the case to the Commissioner for further administrative proceedings.

Upon remand, the Social Security Administration Appeals Council vacated the decision of the ALJ and the final decision of the Commissioner, and remanded the case to a second ALJ. The ALJ evaluated Hoening's claim according to the five-step sequence required by social security regulations. *See* 20 C.F.R. § 404.1520. The sequence requires the Commissioner to determine: (1) whether the claimant is presently engaged in "substantial gainful activity;" (2) whether the claimant has a severe impairment – one that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the "residual functional capacity" ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  20 C.F.R. § 404.1520(a); *Kerns v. Apfel*, 160 F.3d 464, 466 n.6 (8th Cir. 1998) (quoting *Fines v. Apfel*, 149 F.3d 893, 894 (8th Cir. 1998)).

At steps one through three, the ALJ determined that Hoening has not engaged in substantial gainful employment since 1983 and is severely impaired with degenerative disc disease, arthritis, osteoporosis by history, and fibromyalgia.  However, the ALJ determined that her impairments do not meet or equal one of the listed presumptively disabling impairments.  The ALJ also considered whether Hoening had any medically determinable mental impairments.  *See* 20 C.F.R. § 416.920a.  The ALJ found that she had an anxiety-related disorder but that it did not result in more than a minimal limitation of her ability to engage in work activities and therefore was not a severe impairment.

At step four the ALJ determined that Hoening had no relevant work experience and had the following RFC: lift twenty pounds occasionally and ten pounds frequently, and stand/walk six hours or sit six hours in an eight-hour work day with a sit/stand option as needed.  The ALJ further determined that she was precluded from any jobs with any continual gripping or grasping of items.  In making this determination, the ALJ noted that he considered but afforded "little weight" to the opinions of state agency medical

consultants. Admin. R. at 24. Based on the RFC determined by the ALJ and the testimony of the vocational expert, the ALJ concluded that Hoening could perform light work as a cashier II, mail clerk, and gate guard which fell within a hypothetical corresponding to her age, educational background, work experience, and RFC. Therefore, the ALJ found Hoening not disabled as defined under the Social Security Act and denied the application for benefits. The ALJ rendered this unfavorable decision on September 23, 2003.

The Social Security Administration Appeals Council denied Hoening's request for further review, and the ALJ's opinion became the final decision of the Commissioner. *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992); 20 C.F.R. §404.981. On August 8, 2005, Hoening moved to reopen this case in federal court. Hoening contends that: 1) the ALJ and Appeals Council failed to properly analyze the medical evidence and failed to consider all medical evidence in determining her RFC; 2) the ALJ and the Appeals Council erred by failing to afford credibility to her subjective complaints of pain and failed to recognize her significant impairment as documented by substantial evidence on the record as a whole; and 3) the ALJ failed to offer the vocational expert a valid and complete hypothetical and because of this failed to find vocational incapacity. The Magistrate Judge agreed in part with Hoening's first contention and found that the ALJ's finding of RFC is not supported by substantial evidence. For the reasons explained below, the Court adopts the Report and Recommendation.

## ANALYSIS

### I. STANDARD OF REVIEW

The Court may reject the Commissioner's decision only if it is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000). In determining whether evidence in the record is substantial, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* However, the possibility that the Court could draw two inconsistent conclusions from the same record does not preclude the decision from being supported by substantial evidence. *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

### II. DEFENDANT'S OBJECTIONS

The Magistrate Judge concluded that the RFC found by the ALJ was not supported by substantial evidence, and that the hypothetical posed to the vocational expert reflected the flawed RFC analysis, and therefore could not provide an accurate basis for the vocational expert's testimony.

At step four of the five-step sequential evaluation process, the ALJ makes an assessment of the claimant's RFC. 20 C.F.R. § 404.1520. RFC is essentially defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." 20 C.F.R. § 404.1545. The ALJ determined that Hoening retained the RFC to lift twenty pounds

occasionally and ten pounds frequently, and stand/walk six hours or sit six hours in an eight-hour work day with a sit/stand option as needed. The ALJ further determined that she was precluded from any jobs with any continual gripping or grasping of items.

In her objection, defendant first argues that the Report and Recommendation misconstrues the position of the Commission by stating that the Commissioner relied on a state examination when finding the RFC. This argument has no merit. As correctly noted in the Report and Recommendation, the ALJ considered the opinions of the state agency reviewing physicians when assessing Hoening's RFC. The Report and Recommendation correctly explains that the ALJ afforded "little weight" to these opinions. Admin. R. at 24. Based on credible portions of Hoening's testimony, the ALJ determined that she was more limited than the state agency reviewing physicians believed.

Second, defendant in her objection argues that the Report and Recommendation wrongly placed the burden of proving the RFC on the Commissioner. The Report and Recommendation correctly applied binding Eighth Circuit law. As the Eighth Circuit explained in *Nevland v. Apfel*,

> In our circuit it is well settled law that once a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do.

204 F.3d 853, 857 (8th Cir. 2000) (internal citations omitted). Here, the ALJ determined that Hoening had no past relevant work experience. The burden then shifts to the

Commissioner to prove that she retains the RFC to do other kinds of work.[1] *Id.*

Some medical evidence must support the ALJ's determination of the claimant's RFC. *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Thus, the ALJ may not draw upon his own inferences from medical reports, but should instead rely upon opinions from the claimant's treating physicians or, in the alternative, must order consultative examinations. *See Nevland*, 204 F.3d at 858.

The Court agrees with the Magistrate Judge that the RFC is not supported by substantial evidence. For example, Hoening testified at the hearing that she could not lift more than ten pounds. Despite this testimony, the ALJ concluded that Hoening could lift 20 pounds occasionally. There is no medical evidence that contradicts Hoening's claims about her inability to lift more than ten pounds. Similarly, the ALJ does not cite any medical evidence that contradicts Hoening's testimony that she cannot sit for more than approximately three hours in an eight-hour workday. The only medical opinions considered by the ALJ in his assessment of RFC are the opinions of the state agency reviewing physicians, but he afforded these opinions "little weight," and ultimately rejected the conclusions by those physicians. Admin. R. at 24. A physical RFC assessment is not included in the record. The ALJ cites a RFC assessment, but it is actually a *psychological* RFC assessment. Because the record does not include the

---

[1] Defendant points to case law stating that a disability claimant has the burden to establish her RFC. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). While a disability claimant bears the burden to establish her RFC, the burden of proof shifts to the Commissioner when the claimant establishes the inability to do past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Moreover, the ALJ has a duty to fully develop the record, and that duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006). Accordingly, it is not fatal to Hoening's case that she did not provide a RFC from her treating physician.

consulting physician's assessment and no other medical opinion speaks directly to Hoening's RFC, the Court must conclude that the RFC is not supported by substantial evidence.

Accordingly, the Court remands the case for further proceedings. The ALJ should further develop the record to ascertain what level of work, if any, Hoening is able to perform. When evaluating her RFC, the ALJ should seek a medical opinion on how much weight Hoening can lift and how long she can sit in an eight-hour workday, and, if the evidence warrants, frame a revised hypothetical question to the vocational expert.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** defendant's objection [Docket No. 48] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 47]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Docket No. 41] is **DENIED**.

2. Defendant's motion for summary judgment [Docket No. 45] is **DENIED**.

3. The case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 7, 2006          s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
       United States District Judge